# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| PARVIN ARJMANDI, as Trustee of the LAMH TRUST <br> *Plaintiff* <br> v. <br> RW SUPPLY AND DESIGN, LLC; and TECKTON CORPORATION <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. 3-24-cv-00704 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Brian Manookian
2016 Sunset Hills Drive, Nashville, TN 37215
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Brewer, Krause, Brooks, Chastain & Meisner <br> 545 Mainstream Dr., Ste. 101, Nashville, TN 37228 | Date and Time: <br> 06/20/2025 11:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/21/2025

*CLERK OF COURT*

OR

_____         _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* RW Supply and Design, LLC; and Teckton Corporation _____, who issues or requests this subpoena, are:

Steven J. Meisner, #23777, 545 Mainstream Dr., Ste. 101, Nashville, TN 37228, smeisner@bkblaw.com; (615) 630-7727

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3-24-cv-00704

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Brian Manookian
on *(date)* 05-22-2025

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☑ I returned the subpoena unexecuted because: Not found. Defendant is evading personal service. See attached affidavit.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 0.60 for travel and $ 115.00 for services, for a total of $ 115.00 .

I declare under penalty of perjury that this information is true.

Date: 06-04-2025

*Server's signature*

*Printed name and title*

Dylan Davis-Process Server
PO Box 996-Dover, TN 37058
931-220-2436

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

PARVIN ARJMANDI as Trustee of the )
LAMH TRUST, individually and on behalf )
Of all others similarly situated, )
                                                               )
    Plaintiff,                        )          CLASS ACTION
                                                              )
vs.                                           )          Case No. 3-24-cv-00704
                                             )          JURY DEMAND
RW SUPPLY AND DESIGN, LLC; and )
TECKTON CORPORATION,         )
                                           )
    Defendant.                  )

## NOTICE OF DEPOSITION

Please take notice that pursuant to Federal Rule of Civil Procedure 30, RW Supply and Design, LLC, and Teckton Corporation, by and through counsel, shall take the audio-visual deposition upon oral examination of Brian Manookian, on June 20, 2025, beginning at 11:00 AM CST, at the office of Brewer, Krause, Brooks, Chastain & Meisner, PLLC, 545 Mainstream Drive, Suite 101, Nashville, Tennessee 37228, and continuing from day to day and evening to evening until concluded.

Unless a written objection is made in advance of this proceeding, all formalities as to caption, notice, statement of appearance, etc., will be waived at the time of the deposition. This deposition will be taken in accordance with the Tennessee Rules of Civil Procedure. All objections by counsel, except as to the form of the question, will be reserved to the hearing, and this deposition may be read and used in evidence in said cause of action in any trial thereon or any proceeding herein.

RW Supply Manookian Ntc Dep.Manookian 250521
0105 20648

Respectfully submitted,

*s/Steven J. Meisner*
**STEVEN J. MEISNER**
Registration No. 23777
**ANGELICA M. SANTIAGO**
Registration No. 39386
Attorneys for Defendants

**BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228
E-mail: smeisner@bkblaw.com
Direct: (615) 630-7727
E-mail: asantiago@bkblaw.com
Direct: (615) 630-7715

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served by the methods indicated upon the following on this 21st day of May, 2025:

| Methods | Recipient |
|---|---|
| ☐ Hand<br>☐ Regular Mail<br>☐ Certified Mail<br>☐ Fax<br>☐ Fed X<br>☒ Email<br>☐ EFS | Mark Hammervold, Esquire (BPR #31147)<br>Hammervold Law<br>155 S. Lawndale Avenue<br>Elmhurst, IL 60126<br>E-Mail: mark@hammervoldlaw.com<br>Phone: (405) 509-0372<br>*Attorney for Plaintiff* |

*s/Steven J. Meisner*
**STEVEN J. MEISNER**

# AFFIDAVIT OF NON-SERVICE

| Case: 3-24-cv-00704 | Court: United States District Court | County: Middle District of Tennessee | Job: 13372487 |
|---|---|---|---|
| Plaintiff / Petitioner: Parvin Arjmandi, as Trustee of the LAMH Trust | | Defendant / Respondent: RW Supply and Design, LLC / Teckton Corporation | |
| Received by: Out of Bounds | | For: Brewer, Krause, Brooks, Chastain & Meisner PLLC | |
| To be served upon: Brian Manookian | | | |

I, Dylan Davis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Brian Manookian, Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
**Manner of Service:** Non-Service
**Documents:** Subpoena to Testify at a Deposition in a Civil Action, Notice of Deposition (Received May 22, 2025 at 5:41am CDT)

**Additional Comments:**

1) Unsuccessful Attempt: May 22, 2025, 12:58 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Spoke with an older woman probably in her mid fifties or older, about 5'6 black hair and brown eyes that sounded like she had a middle eastern accent and claimed to be the baby sitter. She stated she didn't know who I was talking about when I asked for defendant Brian Manookian and when I asked for defendant Afsoon Hagh she first stated he's not home then stated she doesn't know who I'm talking about and closed the door. Left a card.

2) Unsuccessful Attempt: May 23, 2025, 7:06 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
No Answer at Door - Left Card. Multiple cars in the driveway, can't see or hear anyone inside. After knocking twice and ringing the ring doorbell camera once an alarm triggered on the far right corner of the house and started blinking blue and red lights. No one ever came outside or spoke through the ring camera.

3) Unsuccessful Attempt: May 23, 2025, 7:16 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Attempted to contact the defendant using the 615-979-6440 number provided but no one answered. Left a message.

4) Unsuccessful Attempt: May 24, 2025, 7:12 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Couldn't get to the door because the gate was closed and no one answered the call box. Multiple cars in the driveway, couldn't see anyone inside.

5) Unsuccessful Attempt: May 26, 2025, 7:32 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Couldn't get to the door because the gate was closed and no one answered the call box. Multiple cars in the driveway, couldn't see anyone inside.

6) Unsuccessful Attempt: May 27, 2025, 12:32 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Couldn't get to the door to knock because the gate is closed. I parked up the street and watched the house for nearly an hour to see if anyone would come or go but no one did. The silver SUV was parked in front of the gate when I arrived and stayed there unoccupied the entire time I was there.

7) Unsuccessful Attempt: May 28, 2025, 2:16 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Couldn't get to the door to knock because the gate is closed. The silver suv is parked in the same place as yesterday. Can't see or hear anyone inside.

8) Unsuccessful Attempt: May 30, 2025, 8:34 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Can't get to the front door to know due to the gate being closed. Left a card on the call box. Multiple lights on, multiple vehicles in the driveway, can't see or hear anyone.

9) Unsuccessful Attempt: Jun 2, 2025, 3:51 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
No Answer at Door - Left Card. Multiple cars in the driveway, can't see or hear anything inside.

10) Unsuccessful Attempt: Jun 3, 2025, 6:03 pm CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Can't get to the door to knock due to the gate being closed. No one answers the call box either. Multiple vehicles in the driveway, can't see or hear anything inside.

11) Unsuccessful Attempt: Jun 4, 2025, 4:10 am CDT at Home: 2016 Sunset Hills Terrace, Nashville, TN 37215
Not found. Address on summons is believed to be valid for defendant. Spoke with babysitter on first attempt, who initially confirmed knowing the co-defendant, but then changed her story. Since first attempt no one will come to the door, gate began being shut to prevent access to the door, and no one will respond to the call box. Attempted to make contact by phone, server phone number has been blocked. Defendant is believed to be evading personal service.

_____   06/04/2025
Dylan Davis                       **Date**

Out of Bounds
P. O. Box 996
Dover, TN 37058
615-613-3181