**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **PARVIN ARJMANDI as Trustee of the LAMH TRUST, individually and on behalf Of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | **CLASS ACTION** |
| **vs.** | ) | **Case No. 3-24-cv-00704** **JURY DEMAND** |
| **RW SUPPLY AND DESIGN, LLC; and TECKTON CORPORATION,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW

Come now Defendants, RW Supply and Design, LLC and Teckton Corporation (collectively "Defendants"), by and through counsel and hereby moves the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count IV of Plaintiff's Amended Class Action Complaint ("Complaint"). As grounds for this motion, Defendants would show the court the following:

## SYNOPSIS OF FACTS

Plaintiff Parvin Arjmandi, acting as Trustee of the LAMH Trust, filed this action against Defendants RW Supply and Design, LLC and Teckton Corporation, seeking to represent nationwide and Tennessee classes of consumers who purchased Defendants' engineered wood flooring products. (Am. Compl. ¶ 61-66.)

According to the Amended Complaint, Defendants market and sell engineered wood flooring products under the "Teckton" brand, allegedly representing those products as being manufactured in the United States. (Am. Compl. ¶ 12, 16-20, 22.) Plaintiff alleges that Defendants instead import certain flooring products from foreign

manufacturers located in countries such as Cambodia, Guatemala, and China. (Am. Compl. ¶ 21, 23, 27-29.) Plaintiff contends that Defendants' marketing materials, sales presentations, and catalogs misleadingly implied or stated that the flooring was manufactured domestically, when in fact it was not. (Am. Compl. ¶ 15-19, 28-29.)

In July 2023, the Trust purchased approximately 4,200 square feet of Teckton "White Oak" flooring from RW Supply and Design. (Am. Compl. ¶ 31.) Plaintiff alleges that Defendants represented the product as being genuine American white oak, sourced from the Appalachian region of the United States, and manufactured domestically. (Am. Compl. ¶ 32-33.) After installation, Plaintiff contends that the flooring appeared to be red oak rather than white oak, and subsequent investigation suggested that the flooring was imported from Cambodia. (Am. Compl. ¶ 43-36, 50-53.)

Plaintiff asserts claims under the Missouri Merchandising Practices Act ("MMPA"), the Tennessee Consumer Protection Act, breach of warranty, and common law fraud. (Am. Compl. ¶ 73-136.) Count III of the Amended Complaint asserts a nationwide fraud claim, alleging that Defendants knowingly misrepresented the geographic origin of their flooring products, that consumers relied on those misrepresentations in making purchases, and that the putative class suffered economic injury as a result.

## ARGUMENT

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pleaded them. Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002); Performance Contracting, Inc. v. Seaboard Surety Co., 163 F.3d 366, 369 (6th Cir. 1998). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema *N.A.*, 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "Indeed, it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test." Scheuer, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." Swierkiewicz, 534 U.S. at 514.

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court readdressed the pleading requirements under the Federal Rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level. Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 2007 U.S. App. LEXIS 20556 at * 6 (6th Cir., Aug. 28, 2007) (citing Twombly, 550 U.S. 544 at 555). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by conclusory assertions. Twombly, at 555 n. 3. Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." Twombly, 550 U.S. 544 at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555; see also, Swierkiewicz, 534 U.S. at 508, n. 1; Neitzke v. Williams, 490 U.S. 319 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer, 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely").

## I. THE COURT SHOULD DISMISS COUNT IV OF THE COMPLAINT BECAUSE THE TENNESSEE CONSUMER PROTECTION ACT BARS CLASS ACTIONS.

The Court should dismiss Count IV of the complaint for failure to state a claim because the Tennessee Consumer Protection Act ("TCPA") bars class actions. The TCPA was enacted to "protect consumers . . . from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." Tenn. Code Ann. § 47-18-102(2). The TCPA provides in pertinent part:

> Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use of employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, *may bring an action individually* to recover actual damages.

Tenn. Code Ann. § 47-18-109(a)(1) (emphasis added).

In Walker v. Sunrise Pontiac-GMC Truck, Inc, the Tennessee Supreme Court ruled that TCPA bars class actions. 249 S.W.3d 301, 311 (Tenn. 2008). When the Tennessee Supreme Court read the TCPA statute and decided it was unambiguous the court noted:

> [The TCPA] states that "[a]ny person . . . may bring an action individually to recover actual damages." Id. (emphasis added). Review of multiple dictionaries supports the interpretation that the word "individual" refers to a single person instead of a class or group of people. See Black's Law Dictionary 773 (6th ed. 1990) ("a single person as distinguished from a group or class"); Webster's II, New College Dictionary 578 (3rd ed. 2005) ("[o]f or relating to a single human"); The Random House Dictionary of the English Language 974 (2d ed. 1987) ("a single human being, as distinguished form a group"). Furthermore, the TCPA uses the singular terms "individual" and "person" throughout. See Tenn. Code Ann. § 47-18-103(2) (defining "[c]onsumer" as "any natural person . . . ."); Tenn. Code Ann. § 47-18-103(9) (defining "[p]erson" as "a natural person, individual . . . ."). When a statute is unambiguous, as this one is, it is enforced as written. See Eastman Chem. Co., 151 S.W.3d at 507. Id. at. 310.

Further, the court struck down the policy argument that the TCPA should allow class actions because it would be easier for consumers to bring claims against people who violated the act. The Court reasoned the TCPA provides consumers with numerous avenues to seek and receive relief, fully satisfying the statute's stated purpose of protecting consumers without including class actions. Id. at 311. First is the most basic form of relief: a person may file an action, individually, to recover damages. Tenn. Code Ann. § 47-18-109(a)(1) (2001). Second, and more important to the protection of classes of consumers, the Attorney General and the Division of Consumer Affairs of the Tennessee Department of Commerce and Insurance can investigate and prosecute violations of the TCPA. Tenn. Code Ann. § 47-18-106, 108. The Attorney General's power to bring actions on behalf of consumers is akin to a class action. Tenn. Code. Ann. § 47-18-108. In such actions, the remedy is not limited to injunctive relief, but rather the court may award restitution on behalf on those consumers who have suffered an ascertainable loss. See id. at § 47-18-108(b)(1). The Attorney General may also accept assurance of

voluntary compliance, which may be conditioned on restitution. See id. at § 47-18-107(b). Read together, these provisions demonstrate that the legislature provided several clearly articulated avenues by which the TCPA can fully protect and benefit consumers.

Thus, the TCPA does not provide class certification for claims brought under the TCPA, so the Court should dismiss this claim for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, this Court should dismiss Count IV under the Tennessee Consumer Protection Act under Rule 12(b)(6).

Respectfully submitted,

*s/Steven J. Meisner*

**STEVEN J. MEISNER**
Registration No. 23777
**ANGELICA M. SANTIAGO**
Registration No. 39386
Attorneys for Defendants

**BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228
E-mail: smeisner@bkblaw.com
Direct: (615) 630-7727
E-mail: asantiago@bkblaw.com
Direct: (615) 630-7715

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document has been served by the methods indicated upon the following on this 3rd day of October 2025:

| | |
|---|---|
| ☐ Hand<br>☐ Regular Mail<br>☐ Certified Mail<br>☐ Fax<br>☐ Fed X<br>☐ Email<br>☒ EFS | Mark Hammervold, Esquire (BPR #31147)<br>Hammervold Law<br>155 S. Lawndale Avenue<br>Elmhurst, IL 60126<br>E-Mail: mark@hammervoldlaw.com<br>Phone: (405) 509-0372<br>*Attorney for Plaintiff* |

*s/Steven J. Meisner*
**STEVEN J. MEISNER**